Mr. Chief Justice Shakkey
delivered the opinion of the court.
Bean filed his bill on the chancery side of the circuit court of *598 Carroll county, under the following circumstances, as alleged in the bill. For a valuable consideration, Roberts transferred to Bean a promissory note, made by J. H. Wyatt and John S. Ross, for the sum of $220, the assignment having been made without recourse. Shortly afterwards Bean delivered the note to Roberts, with directions to place it in the hands of an attorney for collection, and to deposit the attorney’s receipt with Levi Ray, subject to the order of Bean, which Roberts did; but instead of leaving the receipt for the transferred note, it seems that he left the receipt for a different note with Ray, by mistake, as appears by a letter from Roberts to Bean. The receipt so left, Bean refused to accept. Roberts placed the receipt which he should have deposited with Ray, in the hands of Ryan, who claims as assignee for a valuable consideration. The money was collected by the attorney, and paid over to T. S. Ayres, as the agent of Ryan, and the bill prayed for an injunction and relief.
Ryan admits, in his answer, that Bean did purchase the note as stated, but denies that it was delivered. He avers that he purchased the attorney’s receipt from Roberts, for a valuable consideration, without notice of the complainant’s claim, until long after he had purchased. He insists that complainant, by the arrangement with Roberts, enabled him to practise a fraud, and that respondent is entitled to the money.
The answer of Ayres discloses nothing material, except that he paid over the money to Ryan, suppbsing that the injunction had been dissolved. This impression arose, no doubt, from the decision on a motion to dismiss, because complainant had not filed his exhibits. The court directed, that unless they were filed by a certain time, the cause should be dismissed. But subsequently the complainant filed an affidavit, showing the reason why they were not filed, and thereupon the court overruled a motion to make the order of dismissal absolute.
The proof in the cause establishes the transfer of the note by Roberts to Bean, and the failure to deposit the receipt with Ray. Roberts failed to answer, but by letter admitted that the wrong receipt was left by mistake, which he promised to rectify.
For the plaintiffs in error it is insisted, that although the as- *599 signee of a chose in action takes it subject to all the equities in favor of the obligor, yet he does not take it subject to the latent equities of third persons, of which he has no notice. And it is also contended, that where the equities are equal the legal right must prevail, and that' as Ryan, by the assignment of the receipt, had acquired a legal title, he is entitled to the money. The rules contended for are undoubtedly the true ones, and if the facts in the case will justify their application, Ryan was entitled to the money. But there are other rules which must also he kept in view; for instance, where the parties depend upon mere equities, that which is superior must prevail; and again, “he who has the precedency in time, has the advantage in right.” Apply these tests, and how does the matter stand ? The doctrine that the assignee of chose in action takes it subject only to the equities of the obligor, and not subject to the equities held by third persons, does not apply. It is a rule applicable to negotiable instruments, but an attorney’s receipt for a note to collect, is neither negotiable by the common law or by statute. Indeed, it is not a chose in action of itself, as no action could be maintained upon it without proof that the money had been collected. So that at most, Ryan acquired but an equity by the assignment. He had no legal title in aid of his equity; but Bean had, for the transfer of the note conveyed to him the legal right, and the transfer of the receipt was in fraud of that legal right. Strictly speaking, Roberts had no interest in the note, and therefore could assign none. But if the parties were put upon mere equities, that of Bean is superior! first) because he proves the consideration given for the note, and the other has failed to prove any consideration for the receipt; and second, because Bean has the priority in point of time. We are referred to the case of Fitch v. Stamps, 6 How. 487. That only proves that an order drawn on attorney for money to be collected, when accepted, vested the particular fund in the payee, who will be protected in equity against a subsequent assignee of the judgment, who took it with notice.
The decree is affirmed.